The document below is hereby signed.

Signed: October 11, 2016



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GARY STANCIL, | ) | Case No. 11-00747 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING MOTION TO REOPEN

The debtor has filed a motion to reopen this case, seeking to have a trustee appointed to sell the debtor's interest in certain real property.  This case was dismissed.  Nothing would be gained by reopening the case when it stands in a dismissed status.  Reopening a dismissed case does not alter the case's dismissed status.[1]

Moreover, even if a dismissed case can be reopened, there is no longer any property of the estate for a trustee to administer

---

[1]  I will assume, without deciding, that this case, although dismissed, could be reopened.  *See In re Ross*, 278 B.R. 269, 273 (Bankr. M.D. Ga. 2001).  *But see Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir. 1983) (per curiam) (stating that a dismissed case is fundamentally different from a case that is closed, and that a dismissed case cannot be reopened; implicitly holding that the appropriate procedure for reinstating a dismissed case is to file a motion to vacate the dismissal).

in this case.  Under 11 U.S.C. § 349(b)(3) the dismissal of a case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."  In addition, the order dismissing the case specifically provided that after distribution of funds on hand, "the Trustee is authorized and directed to abandon any remaining property of the estate back to the Debtor." Accordingly, no property of the estate remains to be administered even if the case is reopened.

The debtor could file a new chapter 7 case in order to have a trustee administer his interest in the real property.  The debtor's motion to reopen has not sought to vacate or modify the order dismissing the case, relief that must be pursued under Fed. R. Civ. P. 60.  The motion to reopen does not set forth grounds warranting Rule 60 relief, and, without any record beyond what the docket shows, the docket would justify denial of such a motion: more than a year has passed since the case was dismissed; the debtor consented to the dismissal; and the debtor can file a new chapter 7 case to have a trustee administer the asset.[2]

It is thus

ORDERED that *Debtor's Motion under Rule 350 to Reopen Bankruptcy and Appoint a Trustee to Sell the Real Property 220*

---

[2]  I do not address whether a motion to reopen is necessary to pursue a Rule 60 motion to vacate or modify a dismissal order.

Case 11-00747   Doc 292   Filed 10/11/16   Entered 10/11/16 10:47:39   Desc Main
Document     Page 3 of 3

*Hamilton St. NW, Free and Clear of the Interest of Co-Owners,*

*Albert Stancil and Rufus Stancil* (Dkt. No. 290) is DENIED.

[Signed and dated above.]

Copies to: All attorneys who have entered an appearance and who are registered e-filers.

S:\Common\TreeLRM\Judge Temp Docs\Stancil (Mary) Order re Motion to Reopen_v3.wpd