The document below is hereby signed.

Signed: November 3, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
GARY STANCIL,                  )    Case No. 11-00747
                               )    (Chapter 7)
              Debtor.          )    Not for publication in
                               )    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND
THE COURT'S ORDER DENYING THE DEBTOR'S MOTION TO REOPEN

The debtor has filed a motion to amend the court's prior

order denying his motion to reopen this case.  He seeks to have

the prior order vacated and the case reopened, so that in

addition to seeking the relief he previously wanted to pursue if

the case were reopened, he would move first to vacate the order

of dismissal.  Upon the dismissal being vacated, the debtor's

goal is to have the trustee sell the debtor's interest in certain

real property.

The motion is one under Fed. R. Civ. P. 60(b), made

applicable to this proceeding under Fed. R. Bankr. P. 9024.  This

case was dismissed on July 16, 2015.  Because the motion is filed

more than a year after entry of the order of dismissal, the

motion is rendered untimely by Fed. R. Civ. P. 60(c) unless it is

a motion filed within a reasonable time under paragraphs (4), (5), or (6) of Fed. R. Civ. P. 60(b).  No allegations are made showing that the motion is one under Rule 60(b)(4) or Rule 60(b)(5).  Only Rule 60(b)(6) could apply.  As noted in *United States v. Philip Morris USA Inc.*, ___ F.3d ___, 2016 WL 6437368, at *5 (D.C. Cir. Nov. 1, 2016):

> Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just." *Salazar ex rel Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988)).  To obtain relief under this provision, a party must file its motion within a "reasonable time" and demonstrate "extraordinary circumstances justifying the reopening of a final judgment." *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)).

As I noted in the decision addressing the original motion to reopen, the debtor could file a new chapter 7 case in order to have a trustee administer his interest in the real property.  In that light, extraordinary circumstances do not exist justifying vacating the order of dismissal, and Rule 60(b)(6) relief would be unwarranted.  Accordingly, it makes no sense to reopen this case even if the debtor were to seek to vacate the order of dismissal.

It is thus

ORDERED that *Debtor's Motion to Alter and Amend the October 11, 2016 Order Under Rule 60(b)(6) by Allowing an Amendment to the Motion of the Debtor to That of a Petition to Vacate the Dismissal, Revest the Property, 220 Hamilton St. NW. Washington*

2

*DC, Into the Chapter 7 Estate and Have the Trustee Administer and Distribute the Contract Sale's Proceeds* (Dkt. No. 296) is DENIED.

[Signed and dated above.]

Copies to: All attorneys who have entered an appearance and who are registered e-filers.